THE FLORIDA NATIONAL BANK OF JACKSONVILLE, as Trustee, etc., v. J. V. D'ALBORA COMPANY.

169 So. 610.
Opinion Filed July 18, 1936.
Rehearing Denied September 9, 1936.

*J. W. Harrell,* for Appellant;

*Russell Snow* and *Harry Weinberger* (New York City), for Appellee.

DAVIS, J.—This is an appeal, with cross assignment of error, from certain portions of a final decree and from a subsequent interlocutory decree directing a Special Master to make specified disbursements of money in a foreclosure case.

It appears from the record that Vinnedge Farms Corporation was owner of a citrus grove against which it issued mortgage bonds secured by an indenture which did not, in and of itself, create any lien upon the rents, issues and profits, or upon the fruit crops of the mortgaged grove. During the life of the mortgage and before institution of this suit to foreclose same, the mortgagor contracted with the appellee's assignor to manage the grove, cultivate, prune, fertilize and care for same and from the proceeds of the sale of fruit crops produced as a result of its activities, to repay itself for the amounts expended in producing and marketing the citrus crops so produced.

Upon the institution of these proceedings to foreclose the mortgage bonds a receiver was appointed pursuant to a provision consenting to such appointment that had been incorporated in the mortgage. At the time of the receiver's appointment there was a crop of fruit on the mortgaged property, which crop had been produced, marketed and sold by the contracting manager. After his appointment, the receiver, apparently upon his own initiative and without any specific authorization for same, although acting in entire good faith, appropriated and used the crop proceeds aforesaid for the preservation of the mortgaged grove as a means of producing and marketing a further crop of fruit. The last mentioned crop of fruit was duly produced by the activ-

ities of the receiver and was sold at foreclosure sale together with the mortgaged land.

Intermediate the institution of foreclosure proceedings and the final decree of foreclosure the parties to the suit, including appellee, consented to an order providing for the issuance of receiver's certificates which were to be a first lien prior in dignity to all liens in controversy in the litigation. The certificates were issued in due course and the proceeds employed in caring for, cultivating and preserving the citrus grove and its crop *pendente lite*.

The principal controversy argued on this appeal is the alleged error of the Chancellor in decreeing that the appellee's agreement for issuance of receiver's certificates as a "first lien against the issues, income, revenues and profits derived from the (mortgaged) property, and particularly derived from the sale of the (produced) fruit" wiped out the priority claim theretofore held by the appellee as a lien against the fruit crop proceeds subsequently used up by the Receiver in preserving the property and producing a new crop after his appointment, the Receiver's certificates being inadequate to completely pay for all the receivership expenses incurred after his appointment.

Our conclusion is that a fair construction of the particular agreement for the issuance of Receiver's certificates does not contemplate that such Receiver's certificates shall operate to the prejudice or destruction of the appellee's already acquired and unsatisfied lien that was a superior enforceable claim against the fruit crop proceeds *eo instanti* the foreclosure was begun and hence that no error was committed by the Chancellor in so deciding.

The foreclosure was for the particular benefit of the bondholders, not for the crop lienor, with respect to the latter's already accrued right to be repaid for what it had

advanced in producing the crop *in esse* when the foreclosure was instituted. The using of the proceeds of the crop, upon which the appellee's lien was already perfected at the time, for the purpose of the receivership activities in producing and marketing a new crop *pendente lite*. inured to the special advantage of the receivership and to that extent reduced the amount of receivership certificates which, if issued, would have had precedence over appellee's mortgage lien. So the court below properly allowed payment of appellee's crop lien on the same basis as the Receiver's certificates under the circumstances.

The cross assignments have been considered, but merit no special discussion. It is sufficient to say that they are not sustained.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.